IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CULLEN E. DIETHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 19-974 |
| ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Cullen E. Diethorn ("Diethorn") seeks judicial review of the Social Security Administration's denial of his claim for Social Security Child Insurance benefits under Title II and his claim for Supplemental Security Insurance benefits under Title XVI of the Social Security Act. Diethorn alleges a disability onset date in 1987. (R. 15) The ALJ denied his claim following a hearing at which both Diethorn and a vocational expert ("VE") appeared and testified. Diethorn then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 12 and 14. For the reasons below, the ALJ's decision is affirmed.

### Opinion

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of

conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

　　II. The ALJ's Decision

　　As stated above, the ALJ denied Diethorn's claim for benefits. More specifically, the ALJ determined that Diethorn had not yet attained age 22 as of November 9, 1987, the alleged onset date. (R. 17) At step one of the five step analysis, the ALJ found that Diethorn had briefly engaged in substantial gainful activity since the alleged onset date. (R. 18) However, because the earnings were just above the substantial gainful activity levels, the ALJ continued with the analysis in the interests of justice. (R. 18) At step two, the ALJ concluded that Diethorn suffers from the following severe impairments: autism. (R. 18) The ALJ considered and rejected the allegation that Diethorn's asthma constituted a severe impairment. (R. 18) At step three, the ALJ concluded that Diethorn does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-19) Between steps three and four, the ALJ found that Diethorn has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain nonexertional limitations. (R. 20-27) At step four, the ALJ found that Diethorn is unable to perform past relevant work. (R. 27) At the fifth step of the analysis, the ALJ concluded that, considering Diethorn's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can

perform. (R. 28-29) As such, the ALJ concluded that Diethorn was not under a disability during the relevant period. (R. 29)

    III. <u>Discussion</u>

(1) Past Relevant Work

Diethorn objects to the ALJ's finding that he had "briefly engaged in substantial gainful activity." ECF Docket No. 13, p. 6, *citing* (R. 18) Diethorn cites the Third Circuit Court's decision in *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000) for the proposition that "[a]n attempt to work that ultimately fails because of the symptoms of disability is not substantial gainful activity." I am not persuaded by Diethorn's reliance on the *Morales* decision. In that case, the court was considering the ALJ's finding that a claimant could perform his past relevant work because he had worked as a landscaper for four months in 1991. *Morales*, 225 F.3d at 319. The court disagreed with the ALJ's findings, noting that "the fact that [the claimant] managed to work for four months does not, standing alone in contrast to significant evidence of disability, preclude a finding that Morales is disabled." *Id.*

In contrast, here the ALJ found that Diethorn's brief work at Speedway constituted substantial gainful activity at the first step of the sequential analysis. (R. 18) Still, he did not deny the claim at step one. Rather, he proceeded "in the interests of justice" with the analysis. Thus, any alleged error was harmless. *See Terrell v. Colvin*, Civ. No.14-2304, 2015 WL 5737110, at * 4 (N.D. Ill. Sept. 29, 2015) (finding harmless error where the ALJ erred at step one but proceeded with sequential analysis). As a result, I find no basis for remand.

(2) Severe Impairments

Diethorn also faults the ALJ for failing to consider his anxiety and difficulty with fine motor skills at step two of the sequential analysis. Even assuming Diethorn's position is correct, any deficiency on the ALJ's analysis is not fatal. Any error was harmless because the ALJ found in Diethorn's favor at step two. *See Salles v. Commissioner of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) ("[b]ecause the ALJ found in Salle's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing, Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). It is clear from the decision that the ALJ specifically considered Diethorn's anxiety and difficulty with fine motor skills in formulating the RFC. (R. 20 21) Consequently, I find no error.

(3) Residual Functional Capacity

Finally, Diethorn urges that the RFC is not supported by substantial evidence of record. His argument mainly rests on the ALJ's assessment of the medical opinions. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.*, § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's]

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. *Id.*, § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.*, § 404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled under the Act is for the Commissioner to decide. Thus, the ALJ need not afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 404.1527(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006)

("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec*., 529 F.3d 198, 203-04 (3d Cir. 2008).

After careful consideration, I am not persuaded by Diethorn's arguments. His argument is simply a disagreement with the ALJ's evaluation of the evidence and a citation to countervailing evidence. The standard, however, is not whether there is evidence to establish his position but whether there is substantial evidence to support the ALJ's findings. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). "Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance." *Hundley v. Colvin*, Civ. No. 16-153, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016), *citing, Jesurum v. Sec'y. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995).

Further, as for Dr. Slomka, the ALJ explained that he gave Slomka's opinion "partial" weight because Slomka found that Diethorn required a "job coach" for structure dependency. Yet the ALJ noted that Diethorn could work at McDonald's, Speedway,

and the bakery without a "job coach."[1] (R. 25) Inconsistency with the record is an appropriate reason for discounting opinion evidence. See 20 C.F.R. § 404.1527; 416.927. Similarly, as for Mary Dillon, the ALJ explained that he gave her opinion "limited weight" because she examined Diethorn on only one occasion; because her findings conflict with the overall treatment records; and because the evidence does not support any marked restrictions. (R. 26) Again, the lack of a treating relationship, an inconsistency with the record as a whole, and a lack of supportability are appropriate reasons for discounting evidence. See 20 C.F.R. § 404.1527; 416.927. Additionally, although Diethorn complains that the ALJ discounted Dillon's opinion because she had only examined him once yet did not discount Dr. Schiller's opinion for the same reason, Diethorn fails to appreciate that Schiller is a state agency consultant who is also an expert in Social Security disability evaluation. *See Vitanza o.b.o. Vitanza v. Berryhill, Civ. No. 18-107, 2019 WL 2352141, at * 4-5 (M.D. Pa. May 14, 2019)*. Finally, Diethorn objects to the ALJ's having given Dr. McFarland's opinion "great" weight because, though Diethorn's general practitioner, he was not a specialist as to autism. The ALJ did note McFarland's status as a treating physician, but he also accorded great weight based on McFarland's findings being consistent with the treatment records. As stated above, this is an appropriate basis for according weight. The finding is also supported by substantial evidence of record. Diethorn received limited mental health treatment, he retains the ability to engage in many normal daily activities, he continues to engage in limited work, and he did not require psychotropic medication. (R. 25)

---

[1] Diethorn faults the ALJ for rejecting Slomka's finding when there is no medical opinion to the contrary. Given that there is record evidence of Diethorn performing jobs without a job coach I do not think that the ALJ was foreclosed from discounting Slomka's opinion on this issue.

Diethorn also complains that the ALJ ignored his anxiety, his documented attention issues, and his difficulty with fine motor skills in the RFC. As for his anxiety, the ALJ noted that Diethorn never required inpatient psychiatric treatment or a partial hospitalization program. (R. 21) He has not required psychotropic medication. (R. 23) He works part time and is willing to work more but is not needed. (R. 23) He has not used a "job coach" at his past jobs. (R. 25) Nor is there any indication that he ever received any mental health care before the age of 26. (R. 21) The ALJ thus inferred that Diethorn's symptoms and limitations are not as severe as alleged. (R. 21) This amounts to substantial evidence of record supporting the ALJ's finding that Diethorn's anxiety does not require any functional limitations. Indeed, Diethorn does not point to any contrary evidence. Instead, he argues that "[t]he lack of substantial evidence is not itself substantial evidence." ECF Docket No. 13, p. 13. This is not a compelling argument.

As to attention issues, Diethorn does not identify precisely how the RFC fails to accommodate his limitations. Here, the ALJ limited Diethorn to routine, repetitive tasks requiring only simple decisions and infrequent change. (R. 19-20) In *Hess v. Commissioner of Social Security*, 931 F.3d 198, 210 (3d Cir. 2019) the Third Circuit Court of Appeals found that a limitation to "simple tasks" can account for moderate limitations in concentration, persistence, and pace. Certainly then, the ALJ's limitation here is sufficient given that no medical expert has declared that Diethorn has "moderate" limitations. Indeed, Diethorn's "attention and concentration" was observed to be intact and his "recent and remote memory skills" was noted to be only "mildly impaired," possibly because of nervousness in the evaluation. (R. 380, 390) In fact, only Slomka has opined only that "it appears that it is not so much an issue of constraints on

9

the amount of information that can be held in working memory as it is problems on his part adequately orienting to the demands at hand and sustaining his attention." (R. 346) Consequently, I find no error on the ALJ's part.

Finally, Diethorn finds fault over the ALJ's formulation of the RFC about his fine motor skills. Diethorn relies on Dr. Slomka's report and evaluation for support of his argument. See ECF No. 13, p. 13. Yet Slomka does not opine that Diethorn suffers from fine motor skill difficulties that present functional limitations. Slomka discusses Diethorn's difficulty with writing but the focus is upon the translation of ideas into written language, not the mechanics of using a writing utensil. (R. 345) Dr. Slomka expressly notes that formal motor testing was not assessed. (R. 346) Further, when Slomka offers recommendations on vocational training, he makes no mention on fine motor skills. (R. 355) Consequently, I find that the ALJ did not err by not including limitations associated with fine motor skills in the RFC.[2]

---

[2] Diethorn also urges that the ALJ overemphasized the nature and frequency of his recreational activities. I agree that "sporadic and transitory activity" cannot be used to show an ability to engage in substantial gainful activity. *See Jesurum v. Secretary of U.S. Dept. of Health & Human Services*, 48 F.3d 114, 119-20 (3d Cir. 1995); *Fargnoli v. Massanari*, 247 F.3d 34,40  n. 5 (3d Cir. 2001). Yet here the ALJ did not rely upon Diethorn's infrequent travels to demonstrate that he can engage in substantial gainful activity. Rather, the ALJ simply observed that his recreational activities were not as limited as one would expect. (R. 24) I find no error in the ALJ's assessment of Diethorn's activities of daily living.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CULLEN E. DIETHORN                    )
                Plaintiff,            )
                                      )
   -vs-                               )          Civil Action No. 19-974
                                      )
ANDREW M. SAUL,                       )
COMMISSIONER OF SOCIAL                )
SECURITY,                             )
                                      )
           Defendant.                 )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 7th day of May, it is hereby ORDERED that the Plaintiff's Motion
for Summary Judgment (Docket No. 12) is DENIED and the Defendant's Motion for
Summary Judgment (Docket No.  14) is GRANTED. It is further ORDERED that the
ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

                              BY THE COURT:

                              /s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge